UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LINDKE, *et al.*,

     Plaintiffs,

                                    Case No. 22-cv-11767
v.                                    Hon. Matthew F. Leitman

MAT KING, *et al.*,

     Defendants.

_____/

## ORDER ESTABLISHING WRITTEN DEPOSITION QUESTIONS TO STATE COURT JUDGES

Plaintiffs in this action are individuals who were each found guilty of criminal contempt of court and sentenced to serve time in custody in the St. Clair County Jail. Plaintiffs insist that under Michigan law, they were entitled to receive "good time" credit – credit that reduces a jailed inmate's sentence based on his behavior in custody – toward their sentences. And they claim that they were wrongfully deprived of that credit.

During discovery, Plaintiffs sought to depose several current and former St. Clair County Judges.  During those depositions, Plaintiffs planned to ask the Judges about their "general understanding" of the St. Clair County Sheriff's good-time policy and "[t]he procedure of how statements regarding good-time" came to be included in Plaintiffs' sentencing documents. (ECF No. 81, PageID.3018.)

1

The Judges moved to quash Plaintiffs' deposition notices. (*See* Mot., ECF No. 102.)  The Court then granted that motion in part and denied it in part. (*See* Order, ECF No. 124.)   While the Court ultimately concluded that Plaintiffs should be allowed to ask the state-court Judges a limited number of targeted questions, it placed very serious restrictions on Plaintiffs' ability to do so.  For example, it ruled that the Judges would not have to personally appear for a deposition and that, instead, Plaintiffs should serve on the Judges written deposition questions pursuant to Federal Rule of Civil Procedure 31. (*See id.*)  The Court further required Plaintiffs to identify the questions in advance, and it allowed the state-court Judges to file objections to those questions. (*See id.*)  Finally, the Court identified for Plaintiffs four topics from which they could propound deposition questions, and it restricted Plaintiffs from asking any questions that were not approved, in advance, by this Court. (*See id.*)  The Court placed these restrictions on Plaintiffs in order to protect against any possible invasion of the Judges' mental processes and to limit any undue burden on state court judicial officers.

Plaintiffs served their list of proposed questions on the Judges (*see* ECF No. 126), and the Judges filed objections to many of the questions (*see* ECF No. 127). The Court has carefully reviewed the questions and concludes that many of them are not consistent with the spirit of the Court's order and the instructions that the Court provided regarding the scope and subject matter of the questions.   Accordingly,

2

rather than allow Plaintiffs to serve their proposed questions on the Judges, the Court instead has drafted its own list of targeted deposition questions that it will permit Plaintiffs to serve on the Judges. The questions are set forth below.

The only instruction that Plaintiffs shall serve with the deposition questions is that the term "Relevant Time Period" as used in the questions refers to the time period of January 1, 2019 – August 1, 2022. Plaintiffs shall not include any additional instructions with the questions.

The questions are as follows:

- What is your name and what was your judicial position during the Relevant Time Period?

- During the Relevant Time Period, when you issued a sentence for criminal contempt of court, and the judgment of sentence included language such as "no good time," "no good-time credit," or similar language, was the reference to "no good time" an actual term of the sentence imposed?

- Alternatively, during the Relevant Time Period, when you issued a sentence for criminal contempt of court, and that sentence included language such as "no good time," "no good-time credit," or similar language, was the reference to "no good time" merely a notification to the St. Clair County Sheriff of the fact that the sentence was being imposed for criminal contempt and therefore fell within the Sheriff's policy that

3

prisoners serving sentences for criminal contempt of court are not entitled to earn good time credit?

- During the Relevant Time Period, were you aware that the St. Clair County Sheriff had adopted a policy that prisoners serving sentences for criminal contempt of court are not entitled to earn good time credit?  If the answer to this question is yes, what did you know about the content of the policy and what did you know about how the policy was applied to inmates at the St. Clair County Jail?

- To your knowledge, did the St. Clair County Sheriff ever present to the Chief Judge, or any Judge, of the St. Clair County Circuit Court, for approval, a policy concerning whether inmates serving sentences for criminal contempt of court would receive good time credit?  If the answer to this question is yes, who was the policy presented to, when was it presented, and was the policy approved?  In addition, what do you recall about the content of the policy?

- During the Relevant Time Period, was there a mechanism or a process in place that would have allowed the St. Clair County Sheriff or a designee of the Sheriff to seek clarification of the terms of a defendant's sentence if the Sheriff or his designee believed that the terms of the sentence were

4

ambiguous?  If the answer to this question is yes, please describe that process.

- [Directed to Judge Michael West only] Are the attached emails dated October 4, 2021, a true and accurate copy of a communications that you authored while serving as Chief Judge of the St. Clair County Circuit Court?

- [Directed to Judge Michael Tomlinson only] In the criminal contempt sentence imposed on Justin Cardella that included a 30-day confinement with reference to release after ten days, *see* attached sentence, what did the referenced ten-day provision denote or communicate with respect to the administration of the sentence?

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 9, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5