UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LINDKE, *et al.*,

      Plaintiffs,

                                    Case No. 22-cv-11767

v.                                      Hon. Matthew F. Leitman

MAT KING, *et al.*,

      Defendants.

_____/

## ORDER (1) DENYING DEFENDANTS' MOTION AND AMENDED MOTION FOR SANCTIONS (ECF Nos. 141, 150), (2) DIRECTING PLAINTIFFS TO PRODUCE DOCUMENTS, (3) DENYING PLAINTIFF KEVIN LINDKE'S EMERGENCY MOTION FOR COURT INTERVENTION (ECF No. 153), AND (4) TERMINATING PLAINTIFFS' MOTION FOR CLARIFICATION AS MOOT (ECF No. 139)

On April 8, 2026, the Court held an on-the-record status conference to discuss several outstanding motions in this case. For the reasons explained during the status conference, and the additional reasons explained below, the Court **ORDERS** as follows:

- Defendants' motion and amended motion for discovery sanctions (ECF Nos. 141, 150) are **DENIED**. In those motions, Defendants seek dismissal of this action as a sanction for Plaintiffs' alleged failure to comply with previous Court orders to produce certain discovery. (*See id.*) Dismissal of a case is an extraordinary remedy. And while the Court believes that

1

Plaintiffs could have, and should have, produced the documents Defendants requested earlier and without additional court intervention, the Court does not believe that dismissal of this case is warranted under the facts and circumstances that exist here. Plaintiffs have appeared for depositions and made some effort to produce some documents. The Court therefore declines to dismiss this action as a sanction for Plaintiffs' failure to produce documents. However, Plaintiffs shall produce **all** documents responsive to Defendants' document requests by no later than **April 29, 2026**. The only documents that Plaintiffs may withhold from that production are documents that they contend are protected by privilege and only if Plaintiffs also produce a privilege log to Defendants by April 29, 2026. There shall be no other objections or withholding of documents. To the extent that Defendants request medical and/or mental health records and tax returns, those documents may be produced subject to a protective order. Finally, to the extent that the Defendants seek the production of Plaintiffs' medical and/or mental health records, Plaintiffs shall first identify all treaters within the scope of Defendants' discovery requests. Once Plaintiffs do so, Defendants' counsel shall provide Plaintiffs' counsel authorization forms allowing those treaters to provide the requested

documents to Defendants.  Finally, Plaintiffs shall promptly sign and return those authorizations to Defendants' counsel.

- Plaintiff Kevin Lindke's emergency motion for Court intervention (ECF 153) is **DENIED** for the reasons explained on the record.  Lindke shall appear for his deposition on the date currently scheduled (at the location currently identified in his deposition notice or one of the other locations identified in Defendants' response to Lindke's motion) or a new date mutually agreed-to by counsel.  If Lindke is in custody at the time of his scheduled deposition, he shall submit to a deposition at his location of incarceration.

- Finally, Plaintiffs' motion for clarification (ECF No. 139) is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3